UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

ANNETTE CAMPBELL,

                Plaintiff,

v.                                          Action No. 3:10−CV−363

UNITED STATES OF AMERICA,

                Defendant.

MEMORANDUM OPINION

This matter comes before the Court on several pre-trial motions filed by Plaintiff Annette Campbell and Defendant United States. This Opinion specifically addresses Campbell's Motion for Expert Designation Deadline Extension, the United States' Motion *in Limine*, and the United States' Motion for Summary Judgment. The Court grants Campbell's Motion for Extension. The Court also grants the United States' Motion *in Limine* and excludes the testimony of Campbell's expert. Since Campbell has failed to designate an expert as Virginia law requires, the Court grants the United States' Motion for Summary Judgment. The Court also denies Campbell's Motion for Voluntary Dismissal and denies the parties' remaining motions as moot.

Campbell, administrator of the estate of Loyd H. Campbell ("the decedent"), states a claim of medical malpractice against the United States, resulting from a mishap in a dialysis treatment Loyd Campbell received at Hunter Holmes McGuire VA Medical Center ("VA Medical Center"). For several years prior to his death, Loyd Campbell took dialysis treatments at the VA Medical Center. While Campbell received dialysis treatment on January 15, 2009, Cathy Bishop, his dialysis nurse, complied with Campbell's request that she place a blanket on him. Roughly ninety minutes later, Campbell asked for another blanket, and Bishop again

1

complied and covered him with another one. Bishop placed the blanket on the right side of Campbell's body, up to his neck. After Bishop placed the second blanket on Campbell, she moved away from Campbell's dialysis station to tend to other matters.

Roughly twenty minutes later, the dialysis machine's alarm sounded. Bishop returned to Campbell's dialysis station to discover that the venous line had separated from the catheter and that Campbell was bleeding. After summoning help from other nurses, Bishop clamped Campbell's venous line and switched the dialysis lines in an attempt to return blood to Campbell's body. Attempts by an attending physician and nurses to resuscitate Campbell failed. Campbell died of blood loss and anoxic encephalopathy.

Annette Campbell now sues the United States under the Federal Tort Claims Act. *See* 28 U.S.C. §§ 1346, 2671-2680. Campbell designated Dr. Thomas L. Moffatt as her expert. The United States moves to exclude the testimony of Campbell's expert witness, on the ground that Campbell's Rule 26 expert disclosure is deficient. The Court agrees with the United States and will exclude Dr. Moffatt's testimony.

Virginia law, which governs Campbell's claim, requires a plaintiff suing for medical malpractice to demonstrate (1) the applicable standard of care, (2) breach of that standard of care, and (3) that the breach proximately cause the plaintiff's injuries. *Parker v. United States*, 475 F.Supp.2d 594, 598 (E.D. Va. 2007). Typically, a plaintiff must use expert testimony to establish the foregoing elements. *Id.* Virginia law excepts from this rule only cases in which the allegedly negligent act clearly falls within the jury's common knowledge, such as when a surgeon leaves a foreign object inside a patient's body. *See Easterling v. Walton*, 208 Va. 214, 156 S.E.2d 787, 791 (Va. 1967).

In federal court, a plaintiff must disclose her expert by the date provided by a court's pre-

trial order. Fed. R. Civ. P. 26(a)(2)(C) (2010). An expert witness's report must contain

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). The Advisory Committee Note to the 1993 Amendments states that the expert designation must contain "a detailed and complete written report, stating the testimony the witness is expected to present during direct examination, together with the reasons therefor." Fed. R. Civ. P. 26 advisory committee's note. Hence, the expert report "should be written in a manner that reflects the testimony the expert witness is expected to give at trial." *Sharpe v. United States*, 230 F.R.D. 452, 458 (E.D. Va. 2005).

A party who fails to properly designate a witness may not use the expert at trial, "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1) (2007). In deciding whether a party's failure to disclose is substantially justified or harmless, a court should balance (1) the surprise to the party against whom the evidence would be offered, (2) the ability of that party to cure the surprise, (3) the extent to which allowing the explanation would disrupt the trial, (4) the importance of the evidence, and (5) the nondisclosing party's explanation for its failure to disclose the evidence. *S. States Rack and Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).

Review of a court's decision that nondisclosure was or was not substantially justified or harmless is for abuse of discretion. *Carr v. Deeds*, 453 F.3d 593, 602 (4th Cir. 2006). Because a party's failure to disclose its expert's opinions "inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the

3

case," the Fourth Circuit "give[s] particularly wide latitude to the district court's discretion" to exclude an expert's testimony under Rule 37(c)(1). *Id.* at 604.

Campbell's claim requires that she provide expert testimony stating the standard of care required of the VA Medical Center, whether the VA Medical Center breached that standard, and whether the breach caused Loyd Campbell's death. Expert testimony is a prerequisite for success on her claim. *S. States Rack and Fixture*, 318 F.3d at 597. Federal Rule of Civil Procedure 26, by which parties must abide in this case, provides exceedingly clear rules for the certification of an expert. Campbell has failed to abide by those rules and provides no acceptable justification for her failure.

The centerpiece of Campbell's expert report is a one-page letter from Dr. Moffatt concluding without explanation that hospital officials deviated from the standard of care, along with terse statements explaining the source of his testimony, his recent scholarly record, and his professional history. Campbell also provides Dr. Moffatt's curriculum vitae and a memorandum stating his rate of compensation. Campbell attempted to cure the report's deficiency, but her supplement provides little more than a promise to further supplement the expert's report.

The expert disclosure is deficient in several ways. Campbell concedes as much. First, the designation does not provide a complete statement of Dr. Moffatt's opinions and his reasons for them, because Dr. Moffatt omits the applicable standard of care, omits any opinion on the issue of causation, and provides three conclusory opinions regarding the hospital's deviation from the standard of care without stating any factual or medical basis for those opinions. *See* Fed. R. Civ. P. 26(a)(2)(C)(i). Second, the report omits the facts Dr. Moffatt considered in forming his opinion. *See* Fed. R. Civ. P. 26(a)(2)(C)(ii). Dr. Moffatt states that the records associated with the dialysis treatment provide the basis of his opinions, without indicating the

identity of the records. Finally, the report fails to specify the number of times Dr. Moffatt has been deposed within the last four years. *See* Fed. R. Civ. P. 26(a)(2)(C)(v). Dr. Moffatt states he has been deposed in perhaps a dozen cases in his career, but he does not specify the number of those depositions that occurred within the last four years.

In its current form, Dr. Moffatt's report basically forces the United States discover the basis for Dr. Moffatt's opinions entirely through deposition testimony. Rule 26(a)(2) exists partly in order to prevent an opposing party from having to do that. Hence, Rule 26 provides that an expert deposition "may be conducted only after the [expert's] report is provided." Fed. R. Civ. P. 26(b)(4)(A). *Cf. S. States Rack and Fixture*, 318 F.3d at 598 (approving of district court's assertion that permitting an opposing party to cross-examine an expert at trial does not cure the offering party's failure to disclose new opinion before trial.)

Given the inadequacy of her Rule 26(a)(2) disclosure, Rule 37 burdens Campbell with showing that the inadequacy is "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). None of Campbell's asserted justifications pass muster. *See S. States Rack and Fixture*, 318 F.3d at 597. Campbell is unconvincing when she argues that the United States' discovery conduct prevented her expert from preparing a satisfactory report. Campbell submitted a tort claim to the Department of Veterans Affairs on August 6, 2009. The submission's cover sheet states that Campbell submitted Loyd Campbell's medical records from the VA Medical Center. Furthermore, as Campbell admitted when she moved for a continuance, the United States provided her with a substantial document production no later than November 1, 2010. These records could have provided the bases for opinions on negligence and causation by Dr. Moffatt.

Campbell also contends the United States waited until after the disclosure deadline to notify her attorney of the report's deficiencies. It did not. The United States alerted Campbell of

her failure to disclose her expert report two days after the deadline. Campbell pointed out that she intended Dr. Moffat's letter to serve as the disclosure. The United States was justifiably unaware that counsel intended Dr. Moffatt's one-page letter to serve as Campbell's Rule 26 expert disclosure. The letter includes no caption and no statement that the letter intended to serve as a Rule 26 disclosure. The United States could not have alerted Campbell any earlier of the deficiency of a Rule 26 report that the Government did not know—and could not have reasonably known—was to serve as a Rule 26 report.

Eventually counsel took the blame for the report's failure. While the Court appreciates counsel's late-coming candor, the explanation does not substantially justify the report's deficiencies nor render them harmless.

In spite of Campbell's argument to the contrary, Dr. Moffatt's disqualification is the proper sanction for Campbell's failure. Campbell appeals to equitable principles, urging the Court to overlook her Rule 26 failure and allow a jury to hear her claim. The Court will not do that. The Federal Rules, along with the Local Rules and the Court's scheduling order, clearly map the course of pre-trial litigation. Failure to enforce the deadlines they provide defeat their purpose. That is why Rule 37 requires the Court to prohibit Campbell from offering Dr. Moffatt's testimony as an expert absent a showing of substantial justification or harmlessness. *See Carr*, 453 F.3d at 605 ("The available penalty for failure to comply with Rule 26(a)(2)(B) is . . . plain, and if a litigant refuses to comply with the requirements of the rule, he does so at his peril.").

For similar reasons, the Court denies Campbell's request for a voluntary dismissal. Federal Rule of Civil Procedure 41(a)(2) permits the Court to dismiss an action without prejudice "at the plaintiff's request" "on terms that the court considers proper." Whether to dismiss an

her failure to disclose her expert report two days after the deadline. Campbell pointed out that she intended Dr. Moffat's letter to serve as the disclosure. The United States was justifiably unaware that counsel intended Dr. Moffatt's one-page letter to serve as Campbell's Rule 26 expert disclosure. The letter includes no caption and no statement that the letter intended to serve as a Rule 26 disclosure. The United States could not have alerted Campbell any earlier of the deficiency of a Rule 26 report that the Government did not know—and could not have reasonably known—was to serve as a Rule 26 report.

Eventually counsel took the blame for the report's failure. While the Court appreciates counsel's late-coming candor, the explanation does not substantially justify the report's deficiencies nor render them harmless.

In spite of Campbell's argument to the contrary, Dr. Moffatt's disqualification is the proper sanction for Campbell's failure. Campbell appeals to equitable principles, urging the Court to overlook her Rule 26 failure and allow a jury to hear her claim. The Court will not do that. The Federal Rules, along with the Local Rules and the Court's scheduling order, clearly map the course of pre-trial litigation. Failure to enforce the deadlines they provide defeat their purpose. That is why Rule 37 requires the Court to prohibit Campbell from offering Dr. Moffatt's testimony as an expert absent a showing of substantial justification or harmlessness. *See Carr*, 453 F.3d at 605 ("The available penalty for failure to comply with Rule 26(a)(2)(B) is . . . plain, and if a litigant refuses to comply with the requirements of the rule, he does so at his peril.").

For similar reasons, the Court denies Campbell's request for a voluntary dismissal. Federal Rule of Civil Procedure 41(a)(2) permits the Court to dismiss an action without prejudice "at the plaintiff's request" "on terms that the court considers proper." Whether to dismiss an

action lies in the sound discretion of the trial court, and a court will typically grant such a motion unless it will cause the defendant substantial prejudice.[1] *Teck Gen. P'ship v. Crown Cent. Petroleum Corp.*, 28 F.Supp.2d 989, 991 (4th Cir. 1998).

This case has proceeded far along the path of litigation. Campbell filed her Complaint in May. The parties held a pretrial conference with the Court, and the Court issued a scheduling order, which included various deadlines the Court expected the parties to follow. We now sit at the summary judgment stage, less than a month before trial. The parties have spent many hours and a great deal of money preparing expert testimony and deposing witnesses. In order to warrant resetting the clock on this case, Campbell needs an exceedingly compelling justification.

She fails to provide one. That Campbell noticed in December she needed to amplify her expert disclosure, her failure to explain to Dr. Moffatt the content required in his report, and the fact that Campbell's attorney is busy with other trials: none of these propounded justifications for dismissal mitigate the clear prejudice dismissal would cause the United States. *See Franccis v. Ingles*, 1 Fed. Appx. 152, 154 (4th Cir. 2001) (affirming district court's motion for voluntary dismissal when plaintiff moved after lengthy discovery period and in an apparent attempt to circumvent the court's disqualification of his expert witness).

Since the Court's decision leaves Campbell without expert testimony in support of her claim, the Court must grant summary judgment in favor of the United States. Summary judgment is appropriate where "there is no genuine issue as to any material fact" and where "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). *See Celotex*

---

[1] The Fourth Circuit has identified several factors as relevant to the issue of prejudice, including the opposing party's effort and expense in preparing for trial, excessive delay or lack of diligence by the movant, insufficient explanation as to why the movant needs dismissal, and the present stage of litigation, i.e., whether a motion for summary judgment is pending. *Howard v. Inova Health Care Services*, 302 Fed.Appx. 166, 179 (4th Cir. 2008). That list is not exhaustive, and a court should consider any other relevant factors depending on the circumstances of the case. *Gross v. Spies*, 133 F.3d 914, 1998 WL 8006 at *5 (4th Cir. 1998).

*Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Since Campbell must provide expert testimony in order to establish the elements of medical malpractice, and since the Court excludes the testimony of her only proposed expert, Campbell has failed to produce evidence sufficient to create a genuine issue of material fact. *See Wright v. Commonwealth Primary Care, Inc.*, 2010 WL 4623998 slip op. at *5 (E.D. Va. Nov. 2, 2010).

The Court finds this case troubling. It appears Ms. Campbell had a viable claim—at least one worthy of a jury's consideration. The Court is required to dismiss her claim because of her failure to comply with procedures outlined in the Federal Rules of Civil Procedure and the Court's scheduling order. Counsel's lack of familiarity with the Federal Rules is not an excuse sufficient to stave off the harsh sanction of Rule 37. An attorney is not required to represent any inquiring client. Should the attorney accept representation, though, reasonable preparation requires the attorney to become familiar with the relevant jurisdiction's procedural rules. Unfortunately, in this case, failure to follow the rules leads to a drastic result. However, to ignore Rule 37 in the name of equity would nullify the rule. So the Court rejects the invitation to do so.

An appropriate Order shall issue.

>    _____/s/_____
>    James R. Spencer
>    Chief United States District Judge

ENTERED this __7th__ day of February 2011