UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

ANNETTE CAMPBELL,

                          Plaintiff,

v.                                           Action No. 3:10−CV−363

UNITED STATES OF AMERICA,

                          Defendant.

MEMORANDUM OPINION

This matter comes before the Court on Plaintiff Annette Campbell's Motion to Alter or Amend (Docket No. 45). Campbell argues the Court committed a clear error of law when, on February 8, 2011, the Court concluded her expert designation was insufficient and found Campbell provided no acceptable justification for the deficiency. Because Campbell does not raise a proper ground for relief under Federal Rule of Civil Procedure 59(e), the Court denies the Motion.

The Court provided a detailed account of the facts underlying this case in its February 8, 2011, Memorandum Opinion. *See Campbell v. United States*, 2011 WL 588344 slip op. (E.D. Va. Feb. 8, 2011). Campbell, administrator of the estate of Loyd H. Campbell, claims the United States committed medical malpractice after a mishap occurred in a dialysis treatment Loyd Campbell received at Hunter Holmes McGuire VA Medical Center on January 15, 2009. According to the plaintiff, Loyd Campbell died of blood loss and anoxic encephalopathy as a result of the dialysis nurse's negligence.

The parties filed a bevy of pretrial motions. The most pertinent here was the Government's motion *in limine*, which sought to disqualify Campbell's proposed expert designation of Dr. Thomas Moffatt. The Court's scheduling order required Campbell to submit a Rule 26 expert disclosure by December 2, 2010. Campbell made her submission five days later, on December 7, and filed a motion to extend the deadline for her expert report to that date. The Court granted the extension in its Final Order, treating the disclosure as validly filed on the day Campbell moved for the extension. The centerpiece of Campbell's expert report was a one-page letter from Dr. Moffatt stating, in conclusory form, several variations from the standard of care by hospital employees, the source of his testimony, his recent scholarly record, and his professional history. The Court would eventually conclude the disclosure was "deficient in several ways." *Campbell*, 2011 WL 588344 slip op. at *3.

Campbell more or less admitted the report's deficiency by attempting to cure it in an "Amended Preliminary" Rule 26 disclosure ("Amendment"). (*See* Pl.'s Am. Prelim. Rule 26(a)(2) Designation, Docket No. 15.) In addition to attaching the materials enclosed in the December 7 designation, the Amendment promised that a report from Dr. Moffatt was forthcoming, and that the report would contain an exhaustive account of the materials Dr. Moffatt reviewed in formulating his opinion. The Amendment also contained numerous caveats about the forthcoming report.[1] The Court concluded the Amendment failed to satisfy the requirements of Rule 26, describing it as "little more than a promise to further supplement the expert's report." 2011 WL 588344 slip op. at *3. Finding Campbell's attempts to designate Dr.

---

[1] For example: "The Plaintiff specifically reserves the right to call a registered nurse/nursing expert to testify as to nursing standard of care. Plaintiff reserves the right to supplement her expert disclosure and serve expert reports relating to damages." (Pl.'s Am. Prelim. Rule 26(a)(2) Designation 2.) "Dr. Moffatt will testify consistent with the opinions outlined in his report . . . However, the report is not meant to be an exhaustively detailed accounting of these opinions and he can be questioned in more detail about them at [his] deposition." (Pl.'s Am. Prelim. Rule 26(a)(2) Designation 3.)

Moffatt as an expert insufficient, the Court eventually decided the designation's deficiencies were not "substantially justified or harmless" and granted the Government's evidentiary and summary judgment motions. Fed. R. Civ. P. 37(c)(1) (2007); 2011 WL 588344 slip op. at *4-5.

In its Memorandum Opinion and Final Order, the Court declined to address Campbell's second attempt to cure her report's deficiency. On January 14, 2011, Campbell supplemented her Rule 26 disclosure, in a submission considerably more thorough than either of her first two submissions ("Supplement").[2] Campbell briefly asserted at the February 3 hearing that the Supplement cured any prejudice the late disclosure caused the United States. Campbell renews that argument here, contending the Supplement has legal effect. According to Campbell, the Court's Final Order extended the deadline for her expert disclosure to December 23, thereby validating the Amendment, which, in turn, validated the Supplement, because the Amendment expressly reserved Campbell's right to further revise her report. Campbell argues the Court committed clear legal error when it did not conclude that the Supplement satisfied her Rule 26 obligations.

A party may move for a court to reconsider a judgment within 28 days after its entry. Fed. R. Civ. P. 59(e) (2009). Reconsideration is an extraordinary remedy; courts use it sparingly. *Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396, 402 (4th Cir. 1998). Nonetheless, Rule 59(e) "permits a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Id.* at 403 (citation omitted).

---

[2] Though the Supplement is considerably more informative than Campbell's first two reports, the Government still raised objections to it at oral argument. In addition to asserting that the Supplement was untimely under the Federal Rules, the United States argued the expert stated the incorrect standard of care, lacked the expertise to testify on Loyd Campbell's life expectancy, lacked expertise to testify as to proximate cause, and identified over a dozen exhibits that Campbell failed to disclose alongside the report. (Hr'g Tr. 20-21.)

A court may amend a judgment in order to accommodate an intervening change in controlling law, account for new evidence not available at trial, or correct a clear error of law or prevent manifest injustice. *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997). A party may not use Rule 59(e) to raise new arguments it could have raised before the court entered judgment, to continue arguing a case after the Court has ruled against her, or to reargue issues it argued prior to judgment. *Pacific Ins. Co.*, 148 F.3d at 402. Disagreement with the manner in which a court applies a legal standard to the facts of a given case does not constitute clear legal error remediable by Rule 59(e). *See Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993).

Campbell seeks a remedy the Court cannot give her. She concedes that there has been no intervening change in controlling law and that she has not brought the Court new evidence unavailable to her prior to summary judgment. She contends instead that the Court committed clear legal error by deciding her failure to designate an expert warranted exclusion of Dr. Moffatt's testimony under Rule 37. Campbell does not argue that the Court applied the incorrect standard, but rather that the Court applied the proper standard incorrectly. According to Campbell, the Court failed to apply the prevailing Fourth Circuit standards in determining whether a party's failure to designate an expert is "substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). *See S. States Rack and Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).

Even if Campbell could demonstrate that the Court erroneously applied the *Southern States* factors, she would have to do so in front of an appellate court. A purported misapplication of a governing legal standard is not clear legal error remediable by Rule 59(e). *Hutchinson*, 994 F.2d at 1082. Additionally, the argument that the Court misapplied *Southern States*, either by

4

misapplying the governing factors or declining to apply them to the January 14 Supplement, is one Campbell could have argued prior to summary judgment.

The touchstone of Campbell's argument is that the Court failed to apply *Southern States* to the January 14 Supplement. In addition to the fact that the Court cannot revisit this issue on a motion for reconsideration, the premise underlying the contention is incorrect. The Amendment was not formally before the Court; it had no legal effect. In front of the Court was the Rule 26 disclosure Campbell filed on December 7. The extension the Court provided Campbell reached to that date. Campbell moved for an extension on December 7, the same day she filed her first Rule 26 designation. Neither the motion nor the Rule 26 disclosure mentions anything about anticipated future filings. In its response to the motion, the Government declined to object "such that the report submitted on December 7 be deemed filed." (Def.'s Resp. to Mot. to Allow Late Filing 1, Docket No. 12.) Hence, the motion for extension is best read to seek an extension until that day. It is unreasonable to believe that the Court read a motion that clearly addressed Campbell's December 7 filing to permit filing multiple additional expert memoranda throughout the next month or longer.

Campbell also relies on her attempts to "reserve the right" to further supplement her expert filings. Since the December 23 Amendment reserved Campbell's right to further amplify Dr. Moffatt's findings, so the argument goes, the Court was required to consider those future filings in deciding whether Campbell fulfilled her Rule 26 obligations. This argument is incorrect. The rules never allow a party to reserve the right to amplify an expert report; Campbell lacked authority to revise her report after the applicable deadlines. The rules set hard-and-fast deadlines. Reading them more flexibly would transform the rules into suggestions and their deadlines into benchmarks. The Court has no equity power to extend those deadlines, as

5

Campbell appears to suggest it does.

Since Campbell's Amendment and Supplement were not before the Court on the Government's motion *in limine*, the Court's Memorandum Opinion only considered whether the deficiencies in the December 7 expert disclosure were justified or harmless. *See* Fed. R. Civ. P. 37(c)(1). The Court concluded they were neither, clearly applying the *Southern States* factors.[3] The Court stated that excusing the deficiency in Dr. Moffatt's report would surprise the United States, since the December 7 report required the Government to discover the bases for Dr. Moffatt's opinions through deposition testimony alone. *Campbell*, 2011 WL 588344 slip op. at *3. Additionally, the Court concluded Campbell could not cure the deficiency, since her suggested method of doing so—allowing the United States to cross-examine Dr. Moffatt—is not allowed under Rule 26 as a means of curing a deficient report. *See* Fed. R. Civ. P. 26(b)(4)(A) (permitting expert deposition "only after the [expert's] report is provided"). The Court further concluded Campbell's explanations for her failure to designate Dr. Moffatt properly were insufficient. *Campbell*, 2011 WL 588344 slip op. at *4. The Court also stated that Campbell's attorney's candid admission that she was responsible for the mistake did not make the oversight justified or harmless. *Id.* Finally, the Court recognized Virginia law required Campbell to offer expert testimony on her medical malpractice claim, making it all the more crucial that Campbell provide the defendant an exhaustive explanation of the expert's opinion in preparation for deposition. *Id.* at *3. Hence, the Court applied the proper test. Campbell complains about the manner in which the Court applied that test, which, again, is not a matter for reconsideration.

---

[3] When a party contends a deficiency in its expert report is substantially justified or harmless, the Court must consider (1) the surprise to the party against whom the evidence would be offered, (2) the ability of that party to cure the surprise, (3) the extent to which allowing the evidence would disrupt the trial, (4) the importance of the evidence, and (5) the nondisclosing party's explanation for its failure to disclose the evidence. *S. States Rack and Fixture*, 318 F.3d at 597.

Since Campbell raises an issue more appropriate for appeal than for reconsideration, the Court denies Campbell's motion.

Let the Clerk send a copy of this Opinion to all counsel of record.

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Chief United States District Judge

ENTERED this   31st   day of April 2011